THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD L. HEWSON, Defendant.

Third Department, December 28, 1917.

**Public Health Law — advertisement by dentist constituting practice of dentistry within meaning of statute — practice under false or assumed name — penalty — constitutional law — police power.**

A duly licensed and registered dental practitioner caused to be printed in a public newspaper on three separate days an advertisement as follows: " Roofless, Gumless, Plate is an exclusive feature of King dentistry. This natural, convenient and everlastingly comfortable plate cannot be had elsewhere. Ask for a free demonstration of its merits. It cannot drop, rock nor come loose. Absolutely invisible." And then appeared in large type the words " Dr. Hewson's (King) Dental Prices," followed by the advertised prices for various services in small type, and further on in the advertisement appeared the following: " Dr. E. L. Hewson's Dental Offices, formerly King Dental Offices, 50 Court Street," the words " King Dental Offices " being in much larger type than the rest of the sentence.

*Held*, that such advertisements constitute the practice of dentistry within the meaning of the Public Health Law, section 190, as amended by chapter 129 of the Laws of 1916, and such practice will be deemed to have been conducted under a false, assumed or trade name in violation of section 203 of the Public Health Law, as amended by chapter 129 of the Laws of 1916, and chapter 507 of the Laws of 1917, rendering said dentist liable to a penalty of $100 for each violation.

This provision of the Public Health Law is a valid exercise of the police power and became binding on said dentist even though it made that unlawful which before was lawful.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Merton E. Lewis, Attorney-General [Edward G. Griffin, Deputy Attorney-General,* of counsel], for the plaintiff.

*H. J. Hennessey,* for the defendant.

COCHRANE, J.:

Section 203 of the Public Health Law (Consol. Laws, chap. 45; Laws of 1909, chap. 49), as amended by chapter 129 of the Laws of 1916, which amendment became effective September first of that year, in paragraph 4 of subdivision B of the section makes a person guilty of a misdemeanor who " shall practice dentistry under a false or assumed name, or under the license of registration of another person of the same name, or under the name of a corporation, company, association, parlor or trade name." Subdivision D of said section 203, as amended by chapter 507 of the Laws of 1917, effective May sixteenth of that year, makes any person violating any of the provisions of the law relative to the practice of dentistry subject to a penalty of $100 for each violation and declares that each act constituting a violation shall be deemed a separate act and the person guilty thereof shall be subject to a penalty of $100 for each such act.

On three separate days in the month of July, 1917, the defendant, who was a duly licensed and registered dental practitioner in Binghamton, N. Y., caused to be printed in one of the public newspapers of that city an advertisement, the first part of which was as follows: " Roofless, Gumless, Plate is an exclusive feature of King dentistry. This natural, convenient and everlastingly comfortable plate cannot be had elsewhere. Ask for a free demonstration of its merits. It cannot drop, rock nor come loose. Absolutely invisible." Then appears in large type the words " Dr. Hewson's (King) Dental Prices," followed by the advertised prices for various services in small type. Further on in the advertisement appears the following: " Dr. E. L. Hewson's Dental Offices, formerly King Dental Offices, 50 Court Street," the words " King Dental Offices " being in much larger type than the rest of the sentence. The advertisement contains other

matters immaterial to this discussion except that the name of Dr. Hewson frequently appears therein. It is claimed by the plaintiff that the defendant became liable to a penalty of $100 for each of the three publications of the said advertisement.

Section 190 of the Public Health Law, as amended by said chapter 129 of the Laws of 1916, defines the practice of dentistry as follows: " A person practices dentistry within the meaning of this article, who holds himself out as being able to diagnose, treat, operate, or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, or jaws, and who shall either offer or undertake by any means or method to diagnose, treat, operate, or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the same." By the advertisement in question the defendant undoubtedly comes within the description of a person in the above definition " who holds himself out as being able to diagnose, treat, operate, or prescribe for  *  *  *  and who shall either offer or undertake by any means or method to diagnose, treat, operate, or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition " of the teeth, gums or jaws. And to emphasize the purpose of the advertisement the agreed statement of facts declares that the defendant thereby " intended to hold himself out  *  *  *  and to offer or undertake " to do the specific things which are enumerated in said section 190 as amended. So that there is no question but that the advertisements constituted the practice of dentistry within the meaning of the statute, and the remaining question is whether such practice was conducted under a false or assumed or parlor or trade name.

As bearing on the latter question the following facts which appear in the submission are significant: " That previous to September 1, 1916, and for a period of more than ten years prior thereto, the defendant has been conducting offices wherein dentistry was legally practiced under the name of ' King Dental Offices;' that the defendant's bill heads, literature and advertisements during said period, were all under the name of ' King Dental Offices ' and the public had learned, from the said advertisements, to know the offices conducted by

the defendant as ' King Dental Offices.'   That the defendant acquired the name ' King Dental Offices ' by buying out the business of one ' King ' who was formerly legally engaged in the practice of dentistry under the name of ' King Dental Offices;' that during said period of ten years or more, the defendant has given to various patients at said office a written guarantee as to the quality of his work, which guarantee by their [sic] terms are good for various periods ranging from two to ten years, and that the said written guarantees are stamped or printed at the bottom thereof ' King Dental Offices.' "

It thus appears that Dr. King had formerly been a legal dental practitioner with an established profession and that his offices came to be known in the community as " King Dental Offices " and that the defendant for ten years or more after buying out the business of Dr. King had conducted the profession of dentistry under the name " King Dental Offices." By the advertisement in question the defendant clearly intended to draw the attention of the public to the fact that in some way it was Dr. King or a person who had been known to conduct his profession under the style of " King Dental Offices," whose services and professional prestige and skill would serve patients at the place where the defendant was conducting his professional operations.   The advertisement is so planned and arranged as to make that idea prominent. Although the name of Dr. Hewson frequently appears in the advertisement, with a single exception it is in small type, and in that exceptional instance it is coupled with the name of Dr. King in a manner which seems to me to fall directly within the prohibition of the statute.   In large type and in a prominent form the names are coupled as follows:   " Dr. Hewson's (King) Dental Prices," followed by prices for various services printed in much smaller type.   This is equivalent to saying:   " The following are the prices for dental services of Dr. Hewson (King)."   It seems to me that this is clearly the use of a false, assumed or trade name within the meaning of the statute.   Later on in the advertisement the words " King Dental Offices " appear in large type and striking form, and while those words are preceded by the words in small type " Dr. E. L. Hewson's Dental Offices, formerly,"

the apparent and manifest purpose is to create or perpetuate the idea that the profession of dentistry is being continued by " King Dental Offices " at the place where according to the agreed statement of facts the defendant for more than ten years had been conducting his profession under that name. The advertisement is quite lengthy and when considered in the light of the facts appearing from the stipulated submission it is clear that the casual reader would conclude that Dr. King or the King Dental Offices were being advertised instead of Dr. Hewson individually and apart from Dr. King or the King Dental Offices. The question is not how would a careful and close reader of the entire article view the advertisement, but how would it strike the casual reader. But even to a careful reader and a close observer, the expression " Dr. Hewson's (King) Dental Prices " would certainly be ambiguous and constitutes a statutory misuse of names. The purpose of the statute is that a dentist shall practice his profession on his own merits and not on the reputation of another dentist. This purpose is overcome by the methods adopted by the defendant. He sought to benefit by the reputation of Dr. King. When patients came to his office they had a right to know, and the statute intends that they should know, that he was the responsible proprietor, and that his professional skill and ability, unaided by that of any other person, should constitute the only guaranty for the professional treatment accorded to them. The use of Dr. King's name in the advertisement in close connection with the defendant's name and the use of the words " King Dental Offices " served no proper or legitimate purpose. It is not even suggested that they were necessary in order to locate the defendant's offices. The only effect was to advertise the defendant under a name other than his own. This the statute does not permit.

It does not aid the defendant that he formerly lawfully practiced dentistry under the name of " King Dental Offices." The statute was enacted in the exercise of the police power of the State for the benefit of the public. It is a part of the Public Health Law of the State and designed to improve the health, physical condition and welfare of the people of the State, and being a valid exercise of police power it became

binding on the defendant even though it made that unlawful which before was lawful. (*Collins* v. *State*, 223 U. S. 288; *Dent* v. *West Virginia*, 129 id. 114.)

Judgment should be rendered in favor of the plaintiff for $300, besides costs.

All concurred.

Judgment in favor of the plaintiff for $300, besides costs.